**James E. DEAL and Charlene S. Deal, Appellants,**

v.

**NEWPORT DATSUN LTD., a corporation organized under the laws of Virginia, and Robert R. Crumpler, Appellees.**

**No. 82–1174.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1982.

Decided May 11, 1983.

Marla J. Melman, Newport News, Va. (E.D. David, Jones, Blechman, Woltz & Kelly, P.C., Newport News, Va., on brief), for appellants.

Donald E. King, Richmond, Va. (McGuire, Woods & Battle, V.M. Geddy, Jr., Richmond, Va., on brief), for appellees.

Before RUSSELL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

In this action, brought pursuant to 42 U.S.C.A. § 1983, the plaintiffs complain the defendant landlord's refusal to renew their lease of a lot in a mobile home park was retaliatory. The Deals had been active in voicing tenant complaints and demanding improvements, and they had apparently written an article, critical of the park's management, for publication in a local newspaper.

The landlord, Newport Datsun, served timely notice that the Deals' lease would not be renewed upon its expiration on November 1, 1981. There was no renewal of the lease, but the Deals refused to move. On December 17, 1981, they were served with process in an unlawful detainer proceeding brought against them by the landlord in a state court. The Deals then brought this action under § 1983 in the United States District Court for the Eastern District of Virginia. They sought an injunction against prosecution of the eviction proceeding and against retaliatory conduct against them for having exercised their claimed First Amendment rights. They sought compensatory and punitive damages as well.

The complaint also alleged a pendent state law claim under Virginia Code § 55–248.39, relating to retaliatory conduct.

At the close of the evidence, the trial judge dismissed the action on the merits because he found there was no state action to support an exercise of jurisdiction over the claim.

We find no violation of any federal constitutional right in the commencement of the ejectment proceeding. We need not speak of the filing of the complaint in the office of the clerk of the state court in terms of state action or as having been taken under color of state law. The Deals have simply suffered no deprivation and cannot suffer any such deprivation until after a full judicial trial.

*Lugar v. Edmondson Oil Co., Inc.,* —— U.S. ——, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), found a valid cause of action under § 1983 in a challenge to the constitutionality of a Virginia prejudgment attachment procedure. Upon petition by the creditor, the statute authorized the clerk of court to issue a writ which effectively attached the property upon service by the sheriff. The statute provided for a post-attachment hearing. The Supreme Court, reversing this court, held that the creditor, who invoked the assistance of the clerk of court and of the sheriff, had become a state actor subject to a claim under § 1983 for the unconstitutional deprivation of the plaintiff's right to possession of his property.

In *Lugar,* however, the Supreme Court emphasized that its holding was limited to prejudgment attachment situations. There was no such attachment here. The plaintiffs were served with process in the ejectment action and called upon to respond in that proceeding, but they have been deprived of nothing. They have a right to advance their claim of unlawful retaliation in defense of the ejectment action. They can suffer no adverse consequences until after full trial shall have been had in the state court and a judicial determination of the rights of the parties. The commencement of the proceeding without interference with the tenants' possession of their property or their right of possession of the leasehold, pending final judgment in the state court, infringed no right of theirs protected by the Constitution of the United States.

AFFIRMED.