**Carolyn BELL; Marcus Bell, an infant by his next friend Carolyn Bell, Appellants,**

**v.**

**The SCHOOL BOARD OF the CITY OF NORFOLK; Thomas G. Johnson, Jr., Individually, Appellees.**

**No. 83–1736.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1984.

Decided May 7, 1984.

---

Kenneth R. Melvin, Norfolk, Va. (Winstead, Jones & Melvin, Norfolk, Va., on brief), for appellants.

Allan S. Reynolds, Norfolk, Va. (Harland H. Reid, II, Reynolds, Smith & Winters, Norfolk, Va., on brief), for appellees.

Before PHILLIPS and ERVIN, Circuit Judges, and ROSENN,* Senior Circuit Judge.

ERVIN, Circuit Judge:

The United States District Court for the Eastern District of Virginia dismissed Carolyn and Marcus Bell's § 1983 complaint against the Norfolk School Board and its chairman on the ground that appellants failed to state a claim upon which relief could be granted. We affirm.

## I.

In May 1982 the Norfolk School Board held a series of public meetings to discuss a new neighborhood school plan. The proposed plan was designed to eliminate the need for busing children in kindergarten through the sixth grade.[1] The School Board invited interested citizens to express their views on the new plan. At one of these public meetings Mrs. Bell voiced opposition to any plan that would racially resegregate the public schools.

On March 22, 1983, Mrs. Bell received a letter from the School Board stating:

> Because you have made known your views on the subject and you have publicly stated your opposition to the implementation of the plan, you and your child Marcus have been selected as defendants who would be representative of the legal class of parents and students who would be opposed to the implementation of this plan.[2]

On March 23, 1983, the School Board filed a declaratory judgment suit naming Mrs. Bell, her son, and seven other individuals, who were considered to be representative of the class opposed to the neighborhood school plan, as defendants.[3]

The defendants objected to being named as representatives of the class and requested dismissal of the suit, and the School Board promptly complied. On April 29, 1983, the School Board filed a motion for voluntary dismissal pursuant to Fed.R. Civ.P. 41(a)(2) and 23(e). On May 5, 1983,

---

* Honorable Max Rosenn, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

1. The proposed plan assigned students in kindergarten through the sixth grade to neighborhood schools on a geographical basis without regard to race. The plan also provided for optional transfer of a student who attended a school having 70% or greater of that student's race. The new plan did not eliminate busing of junior high students.

2. The stated purpose of the letter was to give Mrs. Bell advance notice so that she would not be surprised by the actual service of process.

3. The complaint sought a court decree finding the plan constitutional because the defendants had threatened court action to prevent its implementation or to enjoin its continued use once implemented.

the district court ordered that the action be "dismissed without prejudice as to the class action, but on the condition that the plaintiff will not reinstitute any class action proceedings against these named defendants as class representatives."

The following day, May 6, Mrs. Bell and her son filed a § 1983 suit against the School Board and its chairman.[4] Mrs. Bell alleged that by filing the declaratory judgment suit the School Board had sought to deter her from speaking out in opposition to the pupil reassignment and transportation plan. She contended that this conduct on the part of the School Board violated her first amendment rights. Subsequently, the School Board filed a motion to dismiss the suit for failure to state a claim, and Mrs. Bell countered by filing a motion for summary judgment.

The district court concluded that the School Board had not infringed the Bells' constitutional rights by initiating a suit for declaratory judgment. The district court, therefore, granted the School Board's motion for dismissal.

## II.

■ In assessing the adequacy of appellants' claims under 42 U.S.C. § 1983, we must first determine whether there has been a "deprivation of any rights, privileges, or immunities secured by the Constitu-

tion and laws" of the United States.[5] A complaint alleging a § 1983 violation must state on its face a cognizable claim for relief based upon a specific and articulable constitutional right. See Fox v. Custis, 712 F.2d 84, 87 (4th Cir.1983). Not all invasions of personal rights approach the magnitude of a constitutional violation actionable under § 1983. Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Street v. Surdyka, 492 F.2d 368 (4th Cir.1974).

■ Mrs. Bell contends that the School Board's conduct chilled her first amendment right to express opposition to the pupil reassignment and transportation plan at a public meeting. We fail to see how being named as a representative defendant in a declaratory judgment suit chilled Mrs. Bell's first amendment right of expression. When Mrs. Bell notified the School Board that she did not want to defend the action, the Board dismissed the suit as to Mrs. Bell and the other defendants. Mrs. Bell agreed to the dismissal by the district court with the endorsed consent of her attorney. Thus, there was no danger that a future suit would prevent Mrs. Bell from expressing her views as often and as strongly as she wished. Furthermore, we agree with the district court's finding that the School Board had no "evil motive" when it initiated the declaratory judgment suit.[6] The

4. Mrs. Bell asked for compensatory damages, exemplary damages, attorney's fees, and costs of the suit for herself and her son totaling $715,-000.

5. 42 U.S.C. § 1983 provides in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

6. The School Board had arranged public hearings for citizens to express their views on the proposed pupil reassignment plan. There is no indication that the purpose of the hearings was

to single out and harass people who were opposed to the implementation of the plan. Rather than chilling Mrs. Bell's first amendment rights, the declaratory judgment suit would have enhanced her ability to speak out against the plan if she had chosen to remain a representative defendant. The district court found that the "[Board's] letter to the Bells warning them of the impending action was not a form of harassment designed to chill anyone's inclination to speak freely." We agree that the circumstances surrounding the School Board's initiation of the declaratory judgment suit do not indicate that the purpose was to chill freedom of expression. Instead, the suit "appears to have been part of a genuine strategy aimed at acquiring a court determination of the validity of the plan," as the district court found.

School Board gave Mrs. Bell prior notice of the purpose of the suit and later dismissed the suit at Mrs. Bell's request.

We hold, therefore, that the initiation of a suit seeking declaratory judgment in this instance does not rise to the level of a constitutional violation. *Cf. Deal v. Newport Datsun Ltd.*, 706 F.2d 141 (4th Cir. 1983) (commencement of ejectment action not sufficient to establish an infringement of first amendment rights).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

ROSENN, Senior Circuit Judge, concurring.

I agree with the majority that the plaintiffs have failed to state a claim on which relief can be granted. I write separately, however, to emphasize the limited scope of our decision.

In the early 1970's, the School Board of the City of Norfolk—pursuant to court order—began to bus many of its 54,000 students in an effort to desegregate the school district. By 1982, however, the widespread skepticism concerning the wisdom of busing had found its way to Norfolk. The School Board therefore sponsored a series of public fora designed to elicit the thoughts of citizens whose families would be affected by a plan to significantly curtail the use of busing. Carolyn Bell, a black woman with an eight year old son, availed herself of the Board's invitation to share her apprehensions about the plan, and evidently did so in an intelligent, articulate, and effective manner. For her contribution to the community discussion, Mrs. Bell was rewarded with a letter informing her that she and her son—who had very little to say about the issue—had been named defendants in a lawsuit.

I can readily understand how Mrs. Bell, untutored in the niceties of the law, *might* have felt threatened by the lawsuit to the extent of being reluctant to speak quite as freely with the suit hanging over her head as she would have been without it. The School Board's response—that it was in fact doing Mrs. Bell a favor by "providing her with a much stronger podium from which to express her opposition to the plan"—seems to me to reflect a striking insensitivity to the practical consequences of its actions. Hauling someone into court, even in a representative capacity, can hardly be said to be the most benevolent of actions.

Neither plaintiffs' complaint nor their supporting documentation, however, alleges that the School Board instituted its suit to quiet Mrs. Bell's opposition to the plan. I consider the absence of such an allegation critical. Rather, plaintiffs merely allege that the institution of the declaratory judgment action "cause[d] a chilling effect."

For the foregoing reason, as well as for all the reasons stated by the majority, I believe that the facts viewed in a light most favorable to the plaintiffs do not amount to a violation of first amendment rights.